# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ISHMAEL A. BURK, JR., | : | |
|     *Plaintiff*, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 19-CV-5792 |
| | : | |
| JOAN CROWE, *et al.*, | : | |
|     *Defendants*. | : | |

## ORDER

AND NOW, this 3rd day of January, 2020, upon consideration of Plaintiff Ishmael A. Burk, Jr.'s Motion to Proceed *In Forma Pauperis* (ECF No. 1), Prisoner Trust Fund Account Statement (ECF No. 3), and *pro se* Complaint (ECF No. 2), it is **ORDERED** that:

1. Leave to proceed *in forma pauperis* is **GRANTED** pursuant to 28 U.S.C. § 1915.

2. Ishmael A. Burk, Jr., #HN-0208, shall pay the full filing fee of $350 in installments, pursuant to 28 U.S.C. § 1915(b), regardless of the outcome of this case. The Court directs the Superintendent of SCI-Smithfield or other appropriate official to assess an initial filing fee of 20% of the greater of (a) the average monthly deposits to Burk's inmate account; or (b) the average monthly balance in Burk's inmate account for the six-month period immediately preceding the filing of this case. The Superintendent or other appropriate official shall calculate, collect, and forward the initial payment assessed pursuant to this Order to the Court with a reference to the docket number for this case. In each succeeding month when the amount in Burk's inmate trust fund account exceeds $10.00, the Superintendent or other appropriate official shall forward payments to the Clerk of Court equaling 20% of the preceding month's income credited to Burk's inmate account until the fees are paid. Each payment shall refer to the docket number for this case.

3. The Clerk of Court is directed to **SEND** a copy of this Order to the Superintendent of SCI-Smithfield.

4. The Complaint is **DEEMED** filed.

5. For the reasons stated in the Court's Memorandum, Burk's claims are **DISMISSED WITHOUT PREJUDICE** for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), with the exception of the following claims:

   a. Claims against Dr. Cassidy that she was deliberately indifferent to Burk's serious medical needs by keeping him on Zyprexa after he allegedly suffered adverse effects from that medication.

   b. Claims against the John Doe Defendants for forcibly medicating Burk and turning of the water in his cell and denying him food when he refused to take his medication.

6. Burk is given thirty (30) days to file an amended complaint in the event he can allege additional facts to amend the claims the Court has dismissed. Any amended complaint shall identify all defendants in the caption of the amended complaint in addition to identifying them in the body of the amended complaint, shall state the basis for Burk's claims against each defendant, and shall bear the title "Amended Complaint" and the case number 19-5792. If Burk files an amended complaint, his amended complaint must be a complete document that includes all of the bases for Burk's claims, including claims that the Court has not yet dismissed if he seeks to proceed on those claims. **Claims that are not included in the amended complaint will not be considered part of this case**. When drafting his amended complaint, Burk should be mindful of the Court's reasons for dismissing his claims as explained in the Court's

Memorandum. Upon the filing of an amended complaint, the Clerk shall not make service until so **ORDERED** by the Court.

7. If Burk does not file an amended complaint, the Complaint will only proceed against the Defendants and on the claims described in paragraph five (5) of this Order. Burk may also notify the Court that he seeks to proceed on these claims rather than file an amended complaint. If he files such a notice, Burk is reminded to include the case number for this case, 19-5792.

**BY THE COURT:**

*/s/ Gerald J. Pappert*
**GERALD J. PAPPERT, J.**