**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| ISHMAEL BURK, | : | NO.: 2:19-cv-05792-GJP |
| Plaintiff | : | |
| | : | CIVIL ACTION – LAW |
| v. | : | |
| | : | JUDGE GERALD J. PAPPERT |
| DR. CASSIDY, | : | |
| ERIC M. LEKICH, and | : | *Electronically Filed* |
| GENE SETAR, | : | |
| Defendants | : | JURY TRIAL DEMANDED |

**ANSWER OF ABBEY CASSIDY, PSY.D. TO PLAINTIFF'S
COMPLAINT WITH AFFIRMATIVE DEFENSES**

AND NOW, comes the Defendant, Abbey Cassidy, Psy.D., ("Dr. Cassidy"), by and through their counsel, Marshall Dennehey Warner Coleman & Goggin, who files this Answer with Affirmative Defenses to Plaintiff's Complaint by respectfully stating the following:

**I.     Parties in this Complaint:**

A.     Plaintiff - Admitted.

B.     Defendant No. 1 – Lillian Budd.  The averments contained in this paragraph are directed at a party other than Dr. Cassidy, and therefore, no response is required.  If a response is required, said averments are denied.  By way of further answer, Lillian Budd was terminated by this Court on January 29, 2020.  See Doc. 13.

C.     Defendant No. 2 – Dr. Cassidy.  Admitted in part; denied in part.  It is admitted that Dr. Cassidy provided mental health services to inmates incarcerated at the Bucks County Correctional Facility.  It is specifically denied that she is psychiatrist.  To the contrary, she is psychologist.  As a licensed psychologist, her scope of practice does not permit her to prescribe medications.

D.      Defendant No. 3 – Paul Lagana.  The averments contained in this paragraph are directed at a party other than Dr. Cassidy, and therefore, no response is required.  If a response is required, said averments are denied.  By way of further answer, Paul Lagana was terminated by this Court on January 29, 2020.  See Doc. 13.

E.      Defendant No. 4 – Joan Crowe.  The averments contained in this paragraph are directed at a party other than Dr. Cassidy, and therefore, no response is required.  If a response is required, said averments are denied.  By way of further answer, Joan Crowe was terminated by this Court on January 29, 2020.  See Doc. 13.

F.      Defendants No. 5 and 6.  John Does.  Per the Court's Order (Doc. 13), the John Doe Defendants have been amended to reflect Eric M. Lekich and Gene Setar.  Therefore, the averments contained in this paragraph are directed at a party other than Dr. Cassidy, and therefore, no response is required.  If a response is required, said averments are denied.

## II.     Statement of Claim:

Admitted in part; denied in part.  It is admitted that this lawsuit arises from mental health treatment provided to Plaintiff at the Bucks County Correctional Facility.  The remainder of this statement of claim is denied.  The averments contained in the Statement of Claim are conclusions of law and fact to which no response is required.  If a response is deemed required, the averments contained herein are denied.  By way of further answer, Dr. Cassidy is not permitted to prescribe medication.  At no time did she prescribe medication for Plaintiff nor did she modify any prescriptions that were ordered for Plaintiff.  The medications that were prescribed for Plaintiff were done so by a licensed psychiatrist.  At no point did Plaintiff complain of any side effects to

the psychiatrist.  Further, Plaintiff was 100% compliant with the medication and at no time refused to take the medication.

**III.   Injuries:**

Denied.  It is denied that Plaintiff has suffered any injuries as a result of the alleged conduct of Dr. Cassidy.

**IV.   Exhaustion of Administrative Remedies:**

Denied.  It is specifically denied that Plaintiff has completed the grievance process at the Bucks County Correctional Facility.  To the contrary, he has not exhausted his administrative remedies, and as such, this case should be dismissed.

**V.   Relief**:

Denied.  It is denied that Plaintiff is entitled to any relief as a result of this lawsuit.

**VI.   Previous Lawsuits:**

Denied.  After reasonable investigation, Dr. Cassidy is without sufficient knowledge or information to form a belief as to the truth of the averments contained in this paragraph.  The same is therefore denied.

WHEREFORE, Defendant Abbey Cassidy, Psy.D. respectfully requests that Plaintiff's Complaint be dismissed with prejudice and that judgment be entered in her favor.

<u>**AFFIRMATIVE DEFENSES**</u>

1.      Plaintiff's Complaint fails to state a claim upon which relief may be granted.

2.      At all times material hereto, Abbey Cassidy, Psy.D. provided medical treatment which conformed to the applicable standard of care.

3.      Plaintiff is unable to demonstrate a deliberate indifference to a serious medical condition.

4.      Plaintiff's claims and/or alleged losses, at most, demonstrate a difference of opinion as to medical treatment.

5.      Plaintiff's claims and/or alleged losses may be limited and/or barred by the Prison Litigation Reform Act.

6.      Plaintiff failed to exhaust his administrative remedies.

7.      Plaintiff's claims and/or alleged losses are barred by the applicable statute of limitations.

8.      The alleged deliberate indifference of Abbey Cassidy, Psy.D. did not cause Plaintiff to suffer any injury.

9.      Plaintiff's claims and/or alleged losses are limited or barred by the Pennsylvania Mental Health Procedures Act.

10.     At no time were Plaintiff's constitutional rights violated.

11.     At all times material hereto, Abbey Cassidy, Psy.D. is immune from suit.

12.     Plaintiff's claims and/or alleged losses may be limited or barred by the two schools of thought doctrine.

13.     The healthcare providers who provided treatment to Plaintiff utilized their best professional judgment in evaluating and providing treatment.

14.     At all times material hereto, the practices of Abbey Cassidy, Psy.D. have been reasonable and appropriate and have insured the protection of all rights, privileges and immunity of the public.

15.     At no time material hereto did Abbey Cassidy, Psy.D. act in bad faith or in a willful, wanton, outrageous, reckless and/or malicious manner.

16.     Plaintiff did not suffer any injuries or damages as a result of any acts or omissions by Abbey Cassidy, Psy.D.

17.     Abbey Cassidy, Psy.D. at no time prescribed medications for Plaintiff.   The prescribing of medications is outside of Dr. Cassidy's scope of practice as a licensed psychologist.

18.     At no time did Plaintiff complain of any side effects related to his medication.

19.     At no time did Plaintiff refuse to take his medication.

WHEREFORE, Defendant Abbey Cassidy, Psy.D. respectfully requests that Plaintiff's Complaint be dismissed with prejudice and that judgment be entered in her favor

Respectfully submitted,

MARSHALL DENNEHEY WARNER COLEMAN & GOGGIN

By:     *s/ John R. Ninosky*
        JOHN R. NINOSKY, ESQUIRE
        PA Attorney ID No. 78000
        100 Corporate Center Drive, Suite 201
        Camp Hill, PA  17011
        Telephone: (717) 651-3709
        Fax: (717) 651-3707
        jrninosky@mdwcg.com
Date:    March 9, 2020          Attorney for Abbey Cassidy, Psy.D.

5

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 9th day of March, 2020, the foregoing *Answer with Affirmative Defenses* was electronically filed with the Clerk of Court using the CM/ECF system.  I further certify that a copy of the foregoing has been served on the following non-CM/ECF participant by depositing the same in the United States Mail, postage prepaid, in Camp Hill, Pennsylvania on March 9, 2020:

> Smart Communications/PADOC
> Ishmael A. Burk, Jr. (#NH-0208)
> SCI Smithfield
> P.O. Box 33028
> St. Petersburg, PA  33733

MARSHALL, DENNEHEY, WARNER
COLEMAN & GOGGIN

By:  *s/ John R. Ninosky*
      John R. Ninosky